UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARON MARIE DIETZ,

        Plaintiff,

v.

        Case No. 6:16-cv-1421-Orl-37CM

ACTING COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## ORDER

This cause is before the Court on the following matters: (1) U.S. Magistrate Judge Carol Mirando's Report and Recommendation (Doc. 15); (2) Objections to Report and Recommendation Dated August 3, 2017 (Doc. 16); and (3) Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 17).

### PROCEDURAL HISTORY

In accordance with 42 U.S.C. § 405(g), Plaintiff Sharon Marie Dietz ("**Dietz**") timely initiated this action against the Commissioner of Social Security ("**Commissioner**") seeking judicial review of a final unfavorable determination on her claim for payment of Social Security Disability benefits ("**Claim**"). (*See* Doc. 1, ¶ 1.) According to the Claim, which Dietz filed on February 8, 2013, Dietz "became unable to work" on October 5, 2011, due to her disabling physical condition of permanent nerve damage caused by a back injury. (*See* Doc. 11-5, pp. 2–3; Doc. 11-6, p. 5.)

-1-

After the Commissioner denied the Claim initially (Doc. 11-4, pp. 4–6), and on reconsideration (*id.* at 12–13), Dietz requested a hearing before an Administrative Law Judge ("**ALJ**") (*id.* at 17–18). On January 20, 2015, the requested hearing ("**Hearing**") occurred before ALJ Ken B. Terry ("**Judge Terry**"), who heard testimony from Dietz and vocational expert Jackson C. McKay ("**VE**"). (*See* Doc. 11-2, pp. 31–71 (providing transcript of Hearing).) On February 12, 2015, Judge Terry issued a written decision rejecting the Claim ("**Decision**"). (*See id.* at 12–30.)

Seeking reversal of the Decision and remand to the Commissioner for "a rehearing *de novo*," Dietz filed her Complaint in this Court after the Appeals Council of the Office of Disability and Adjudication & Review denied Dietz's request for review.[1] (*See* Doc. 1; *see also* Doc. 11-4, pp. 2–4.) The Commissioner answered the Complaint (Doc. 9) and filed a transcript of the administrative proceedings (Docs. 11-1—11-8 ("**Record**")). Dietz then filed an initial brief (Doc. 13 ("**Brief**")), the Commissioner filed a Memorandum in Support of the Commissioner's Decision (Doc. 14 ("**Response**")), and—on August 3, 2017—U.S. Magistrate Judge Carol Mirando ("**Judge Mirando**") issued a Report and Recommendation, which recommended affirmance of the Decision (Doc. 15 ("**Report**")). Dietz then filed objections to the Report (Doc. 16 ("**Objections**")), and the Commissioner replied (Doc. 17 ("**Reply**")). The matter is now ripe for adjudication.

---

[1] "When the Appeals Council denies review of the ALJ's decision, we review the ALJ's decision as the Commissioner's final decision." *Nichols v. Comm'r, Soc. Sec. Admin.*, 679 F. App'x 792, 795 (11th Cir. 2017).

## LEGAL STANDARDS

**I.     Disability Claims**

In making a claim for Social Security Disability benefits, claimants have an ongoing duty to prove that they are disabled. *See* 20 C.F.R. § 404.1512(a).[2] A claimant is disabled if she has "a severe impairment" or impairments that makes the claimant unable to do either her "past relevant work" or "any other substantial gainful work that exists in the national economy." *See* 20 C.F.R. § 404.1505(a); *see also* 42 U.S.C. §§ 416(i)(1), 423(2)(A).

The disability determination is made pursuant to a five-step sequential analysis ("**Sequential Analysis**"). *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011); *see also* 20 C.F.R. § 404.1520. The first two steps ask threshold questions: (1) whether the claimant is engaged in substantial gainful activity ("**Step One**"); and (2) whether the claimant has a "medically determinable" impairment or combination of impairments that is "severe" ("**Step Two**"). *See* 20 C.F.R. §§ 404.1520(a)(4)(i–ii), 404.1520(c), 404.1521; *id*. § 404.1523(c) (considering the "combined effect" of all a claimant's impairments). If the claimant does not meet her burden at either Steps One or

---

[2] *See also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (discussing burden of proof); *Coheley v. Soc. Sec. Admin.*, No. 16-17523, 2017 WL 3912492, at *1 (11th Cir. Sept. 7, 2017) ("The claimant bears the burden of proving her disability and must produce evidence supporting her claim."). *But see Ellison v. Barnhart*, 355 F.3d 1272, 1279 (11th Cir. 2003) (noting that the Commissioner "has a basic duty to develop a full and fair record"); 20 C.F.R. § 404.1512(b) (noting that the Commissioner "will develop your complete medical history" for a 12 month period).

Two, then the disability claim is denied. *See Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 853 (11th Cir. 2013).[3]

If the claimant prevails at Steps One and Two, then the ALJ must determine whether the claimant's impairment or combination of impairments "meets or equals the level of severity of a listed impairment" ("**Step Three**"). *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 404.1525(a), 404.1526. If so, then the claimant is "conclusively" presumed to be disabled. *See Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014). If not, then the ALJ must assess the claimant's residual functional capacity ("**RFC**").[4] Based on the RFC, the ALJ then determines whether the claimant can perform her past relevant work ("**Step Four**"). *See* 20 C.F.R. § 404.1520(4)(iv). If she can, then she is not disabled and the analysis concludes at Step Four. *See id*. § 404.1520(f).

At "**Step Five**" the ALJ must determine whether—in light of the claimant's age (*see id*. § 404.1563), education (*see id*. § 404.1564), work experience (*see id*. § 404.1565), and RFC—the claimant can do other work that exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(v); *id*. § 404.1520(g)(1) (explaining that a claimant

---

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

[4] "A claimant's RFC is an assessment, based upon all relevant evidence, of the claimant's ability to do work despite [her] impairments." *Himes*, 585 F. App'x at 764; *see* 20 C.F.R. § 404.1545(a)(1) (explaining that "physical and mental limitations that affect" what can be done in a "work setting" may be caused by the claimant's "impairment(s), and any related symptoms"). ALJs are "responsible for assessing" a claimant's RFC. *See* 20 C.F.R. § 404.1546(c); *see also Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 923 (11th Cir. 2007) ("[T]he ALJ determines the claimant's RFC.").

is "not disabled" if she "can make an adjustment to other work"). The Commissioner is responsible "for providing evidence that demonstrates" a significant number of relevant jobs. *Id*. § 404.1560(c)(2); *see id*. § 404.1566(e) (noting that the Commissioner may use a vocational expert to establish "complex" issues such as work adjustment and availability). If the Commissioner meets its burden to demonstrate "that there are jobs the claimant can perform," then—to be found disabled—the "claimant must prove she is unable to perform [such jobs]." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

## II.     Standards of Review

The Social Security regulations require that the Commissioner: (1) "review all of the evidence relevant" to a disability claim (20 C.F.R. § 404.1520b); and (2) issue "a written decision that gives the findings of fact and the reasons for the decision" (*id*. § 404.953(a)). *See id*. § 404.1527(f)(2) (imposing the requirement that discussion of opinion evidence allows a reviewer to "follow the . . . reasoning, when such opinions may have an effect on the outcome of the case"); *see also Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1987).

The Court reviews the Commissioner's written decision to determine whether it is "supported by substantial evidence and based on proper legal standards." *Ellison*, 355 F.3d at 1275 (quoting *Lewis*, 125 F.3d at 1439). Such review "is demarcated by a deferential reconsideration of the findings of fact and an exacting examination of the conclusions of law." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

The Commissioner's findings of fact are conclusive if supported by substantial evidence, which is "relevant evidence" that "a reasonable person would accept as adequate to support a conclusion." 42 U.S.C. § 405(g). Substantial evidence is "something

more than a mere scintilla, but less than a preponderance." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Thus, "even if the evidence preponderates against the Commissioner's findings, [courts] must affirm if the decision reached is supported by substantial evidence." *See Martin*, 894 F.2d at 1529.

In determining whether substantial evidence exists, the Court must scrutinize the record as a whole but defer to the Commissioner's fact-findings. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *see also Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (requiring consideration of "favorable" and "unfavorable" evidence). "[C]redibility determinations are the province of the ALJ,"[5] and courts must not "decide the facts anew, reweigh the evidence, or substitute [their] judgment for that of the [Commissioner]." *See Bloodsworth*, 703 F.2d at 1239.

No deference is accorded in determining whether the Commissioner correctly applied the appropriate legal standards. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *see also Parks v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015) (reviewing "*de novo* the Commissioner's conclusions of law"). Failure to apply the correct law is reversible error. *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Because judicial review of an ALJ's decision is "not possible" when the ALJ does not provide explicit reasoning—by stating with sufficient clarity the legal rules being applied and the weight accorded the evidence considered" ("**Explicit Reasoning**

---

[5] *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, (11th Cir. 2014).

**Requirement**")—violation of the Explicit Reasoning Requirement also is reversible error. *See Ryan v. Heckler*, 762 F.2d 939 (11th Cir. 1985).[6]

An exception to the Explicit Reasoning Requirement applies to certain evidence that "is inherently neither valuable nor persuasive" ("**Inherently Unpersuasive Evidence**") *See* 20 C.F.R. § 404.1520b(c). Inherently Unpersuasive Evidence includes: (1) the decisions of "other governmental agencies and nongovernmental entities" (*id*. § 404.1520b(c)(1)); (2) the findings of a "State agency disability examiner . . . about a medical issue, vocational issue, or the ultimate [disability] determination" (*id*. § 404.1520b(c)(2)); and (3) statements concerning "issues reserved to the Commissioner," including "that you are not disabled" or able to work (*id*. § 404.1520b(c)(3)(i)). *See* 20 C.F.R. § 404.1527(d) (explaining that no "special significance" is given to "[m]edical source opinions on issues reserved to the Commissioner").

## DISCUSSION

**I.    The Decision**

After setting forth the legal standards applicable to the Sequential Analysis, Judge Terry determined at Step One that Dietz had not "engaged in substantial gainful activity

---

[6] *See also Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986) (stating that the ALJ "must state specifically the weight accorded each item of evidence and the reasons for his decision"); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) (failing "to provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed is grounds for reversal"); *Cowart v. Schweiker*, 662 F.2d 731, 736 (11th Cir. 1981) (rejecting conclusory statement that "the ALJ 'has carefully considered all of the testimony . . . and exhibits . . . and has given weight to each as he feels should be properly accorded to it'").

since October 5, 2011." (*See* Doc. 11-2, pp. 15–17.) He also found that Dietz satisfied Step Two in establishing that she suffers from the severe impairments of degenerative disc disease ("**DCD**") of the lumbar spine "with radiculopathy, status post lumbar discectomy," and histories of temporomandibular joint disorder and colitis ("**Impairments**"). (*Id.*)

At Step Three, Judge Terry determined that Dietz's Impairments do not meet or "medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (*Id.*) In rejecting listing 1.04—Disorders of the spine—Judge Terry found that Dietz "does not have neurological deficits, nerve root compression, spinal arachnoiditis or lumbar spinal stenosis." (*See id.*)

Next, Judge Terry determined that Dietz has the RFC to perform "light work"[7] with the following exceptions:

> [Dietz] can lift/carry and push/pull 10 pounds frequently (2/3 of the workday) and 20 pounds occasionally (1/3 of the workday); [she] can sit 4 hours at a time, for a total of 8 hours per day; [she] can stand and/or walk 2 hours at a time, for a total of 6 hours per day, all within customary breaks every 2 hours for 15 minutes at a time, and including a lunch break; [she] must never climb ladders, ropes, or scaffolds; [she] can occasionally climb ramps/stairs, balance, stoop, and kneel; [she] must never crouch or crawl; [she] must avoid concentrated exposure to extreme cold, vibrations, and hazards including unprotected heights and dangerous machinery.

---

[7] "Light work" involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds, and either "a good deal of walking or standing," or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). "To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities." *Id*.

(*Id*. at 18 ("**RFC Findings**"); *see id*. at 21 ("It is clear, that [Dietz] would not be precluded from work within the above limitations.").)

According to the Decision, the RFC Findings were based on Judge Terry's consideration of: (1) "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the medical evidence and other evidence;" and (2) opinion evidence. (*Id*.) In particular, Judge Terry found that the Impairments "could reasonably be expected to cause" Dietz's "alleged symptoms; however, [Dietz's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (*Id*. at 19; *see id*. at 24 (stating that "the evidence fails to show objective findings to warrant the claimant's complaints of ongoing pain")).

As to opinion evidence, Judge Terry gave "little weight" to the opinions of the VE and two treating physicians—Dr. Martin and Sergey Turchin, M.D. ("**Dr. Turchin**")—that Dietz was limited to performing "sedentary work" at most.[8] (*See id*. at 22 (rejecting the VE's "adoption of Dr. Martin's opined [RFC]").) Judge Terry gave "great weight" to an opinion "reached by the physician employed by the State Disability Determination Services, Dr. Whittier," that Dietz "is capable of light work" with some exceptions ("**Whittier Opinion**"). (*See id*. at 23.)

---

[8] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

After describing the analysis underlying his RFC Findings, Judge Terry proceeded to Step Four. As to Dietz's past relevant work, Judge Terry noted the position identified by the VE—"Sales Representative, Business Service: DOT#251.157-014, Light, SVP F, Heavy as Performed." (*See id*. at 24.) Judge Terry next determined that such work "does not require the performance of work-related activities precluded by" the RFC Findings. (*See id*.) Thus, Judge Terry concluded at Step Four that Dietz was not disabled because she "is capable of performing past relevant work." (*See id*. at 24–25.)

Finally, Judge Terry made "alternative" findings at Step Five that "there are other jobs that exist in significant numbers in the national economy that [Dietz] can perform." (*See id*. at 25.) Judge Terry based this finding on the VE's testimony that a 49-year-old person with a college degree, experience working as a Sales Representative, and all the limitations of the RFC Finding, "would be able to perform the requirements of representative occupations such as" Office Helper, Counter Clerk, and Ticket Seller. (*See id*. at 25–26.) Thus, based on his "alternative" findings at Steps Four and Five, Judge Terry concluded that Dietz "has not been under a disability, as defined in the Social Security Act, from October 5, 2011, through the date of this [D]ecision." (*Id*. at 26.)

## II. These Proceedings

In her Brief, Dietz challenged the Decision on the grounds that Judge Terry "failed to apply the correct legal standards" to: (1) "multiple opinions" provided by Dr. Martin that supported a finding of disability—("**Treating Opinion Argument**"); and (2) Dietz's testimony concerning her pain and limitations ("**Symptoms Argument**"). (*See* Doc. 13.) In support of these arguments, Dietz contended that:

(1) the Decision makes no mention of Dr. Martin's letter dated January 11, 2013, which noted that continuing radicular pain and symptoms restricted Dietz's activity and made her "unable to work" ("**January Letter**");

(2) the Decision provides conclusory and insufficient reasons—not supported by substantial evidence—for devaluing the opinions set forth in Dr. Martin's Medical Source Statement of Ability to Do Work-Related Activities (Physical) ("**March Statement**"); and

(3) Judge Terry's stated reasons for rejecting Dietz's testimony "is not supported by substantial evidence."

(*See id*. at 13–19.)

The Commissioner countered that: (1) it was proper for Judge Terry to give "Dr. Martin's statement that [Dietz] was 'unable to work'" no "special significance" because the statement constituted Inherently Unpersuasive Evidence (*see* Doc. 14, p. 7); (2) substantial evidence supported Judge Terry's decisions to "not adopt" Dr. Martin's opinions about "specific functional limitations," and to find that Dietz "was not disabled because she could perform her past relevant work" (*see id*. at 7–11); and (3) substantial evidence also supported Judge Terry's "assessment of [Dietz's] statements" and the RFC Findings (*see id*. at 11–13). In her Report, Judge Mirando rejected both the Treating Opinion and Symptoms Arguments and recommended that the Decision be affirmed. (Doc. 15.)

### III. Analysis

#### A. The Treating Opinion Argument

In rejecting the Treating Opinion Argument, Judge Mirando recommended that Judge Terry "properly did not assign any weight to" the January Letter because it was Inherently Unpersuasive Evidence. (*See id.* at 9 (concluding that the January Letter concerned issues "reserved for the Commissioner").) Judge Mirando similarly recommended that the March Statement addressed "issues reserved for the Commissioner." (*See id.* at 9–10 (concluding that Judge Terry need not have accounted "for the vocational limitations opined by Dr. Martin").)[9] Judge Mirando further noted that that March Statement reflected "'checklist' opinions," which are generally "disfavored." (*See id.* at 10.)

Next, Judge Mirando recommended that Judge Terry "properly accorded little weight" to the March Statement because the "inconsistency with [Dr. Martin's] own medical records constitute[d] good cause." (*See id.* at 13.) She also recommended that Judge Terry "did not make any error" to the extent that Dietz "argues that substantial evidence does not support the . . . reasons for discrediting" the March Statement because Judge Terry: (1) "accurately discussed in detail Dr. Martin's treatment notes" and Dietz's

---

[9] The Court assumes that Judge Mirando meant "exertional limitations"—not "vocational limitations." "Exertional limitations" exist when the limitations and restrictions imposed by the claimant's impairments affect one's "ability to meet the strength demands of jobs (sitting, standing, walking, lifting, carrying, pushing, and pulling)." 20 C.F.R. § 404.1569a(b). In contrast, "vocational factors" generally concern matters such as "age, education, and work experience." *See Bowen*, 482 U.S. at 144; *see also* 20 C.F.R. § 404.1527(d)(2) (referencing "vocational factors"), *cited in* Doc. 15, p. 10.

"limited post-surgical treatment" (*see id.* at 10–11); (2) noted Dr. Martin's medical findings—including the "negative straight leg raise" and grip strength—but made no "medical assessment[s]" of Dietz (*see id.* at 12); and (3) found that Dietz "engaged in significant activities, including homeschooling her two young daughters" (*see id.* at 12). Conceding that "contrary medical evidence exists" in the Record, Judge Mirando declined to recommend overturning the Decision because it is "the ALJ, and not the court, who is charged with the duty to weigh the evidence," resolve conflicts, and assess credibility. (*See id.* at 13.)

Dietz objected that the Report: (1) improperly "relied on the Commissioner's *post hoc* rationalizations regarding" Judge Terry's disregard of the January Letter and the March Statement; (2) incorrectly found that the January Letter did not provide a Medical Opinion;[10] and (3) ignored that Judge Terry cherry-picked evidence from the record to support determinations that were not supported by substantial evidence.[11] (*See* Doc. 16.) The Commissioner countered that "there is no rigid requirement that an ALJ specifically refer to every piece of evidence in [his] decision, so long as decision is not a broad

---

[10] The pertinent regulations define "medical opinions" as "statements from physicians and psychologists or other acceptable medical sources that reflect judgment about the nature and severity of [the claimant's] impairment(s), including . . . symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." *See* 20 C.F.R. § 404.1527(a)(2).

[11] Because Dietz specifically objected to the Report's rejection of her Treating Opinion Argument, the Court reviews that portion of the Report *de novo*. 28 U.S.C. § 636(b)(1).

rejection that is insufficient to enable the Court to conclude that the ALJ considered Plaintiff's medical condition as a whole."[12] (*See* Doc. 17, pp. 3–4.)

Under the Social Security regulations, an ALJ must decide the weight he will give to "every medical opinion" he receives based on certain factors ("**Medical Opinion Factors**"). *See* 20 C.F.R. § 404.1527(c); *id*. § 404.1527(b) (explaining that the Commissioner "will always consider the medical opinion . . . together with the rest of the relevant evidence"). In addition to the "treatment relationship" factor ("**Treatment Factor**"), the Medical Opinion Factors include: (1) an "**Examination Factor**"—whether the medical source has examined the claimant (*see* 20 C.F.R. § 404.1527(c)(1)); (2) a "**Supportability Factor**"—whether the opinion is supported by objective medical evidence and "supporting explanations" (*see id*. § 404.1527(c)(3)); (3) a "**Consistency Factor**"—whether the opinion is consistent "with the record as a whole" (*see id*. § 404.1527(c)(4)); and (4) a "**Specialization Factor**"—whether the source is a "specialist" in the area opined on (*see id*. § 404.1527(c)(5)).[13] *See also id*. § 404.1527(c)(6) (providing for consideration of any other factors "which tend to support or contradict the medical opinion").

Given the Treatment Factor, an ALJ must give the medical opinion of a treating physician "substantial or considerable weight unless good cause is shown to the

---

[12] Contending that Judge Terry considered Dietz's "medical condition as a whole," the Commissioner urges the Court to review the *entire* Record "for substantial evidence, not just what is stated in the [Decision]." (*See* Doc. 17.)

[13] For medical opinions from a treating physician, additional factors include the length of the treatment relationship, the frequency of examination, and the extent and source of the physician's knowledge about the claimant's impairments ("**Treating Source Factors**"). *See* 20 C.F.R. § 404.1527(c)(2) (i)–(ii).

-14-

contrary."[14] *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). According to the Eleventh Circuit, "[w]ith good cause, an ALJ may disregard a [treating opinion], but he ***must articulate [his] reasons for doing so***."[15] *See Winschel*, 631 F.3d at 1178–79 (emphasis added); *Lewis*, 125 F.3d at 1440.

Because Dr. Martin was indisputably a treating source for Claimant, Judge Terry was required to either give his medical opinions "substantial or considerable weight" or articulate why there was good cause for not doing so. *See Winschel*, 631 F.3d at 1178–79. Good cause exists when: (1) a treating source opinion was not bolstered by the evidence; (2) the "evidence supported a contrary finding;" or (3) the treating source opinion "was conclusory or inconsistent with the doctor's own records." *See id.*; *see also Hudson v. Heckler*, 755 F.2d 781, 784 (11th Cir. 1985) (stating that "good cause" exists where the Treating Opinion "lacks persuasive weight, or is unsubstantiated by clinical or laboratory findings").

In giving Dr. Martin's opinions little weight, Judge Terry seemed to focus on the Supportability and Consistency Factors. He did not explicitly discuss the Treating Source

---

[14] If a "treating" physician opines "on the issue(s) of the nature and severity" of a claimant's impairments, and such opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence," then the Commissioner must give such opinion "controlling weight." *See id.* § 404.1527(c)(2). Here, Dietz did not argue that Judge Terry should have given Dr. Martin's opinions "controlling" weight.

[15] The Explicit Reasoning Requirement is particularly crucial to the ALJ's analysis of opinions provided by a claimant's treating physician. *See* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our . . . decision for the weight we give your treating source's medical opinion."); *id.* § 404.1527(f)(2) (requiring the Commissioner to explain his reasons for giving a "medical opinion from a treating source" less weight than an opinion from another source).

Factors, the Duration Factor, or the Specialization Factor. Further, the Decision included no reference to the questionnaire format of the March Statement, no discussion of whether the March Statement and January Letter were "medical opinions" under the regulations,16 and no determinations that the March Statement and January Letter constituted Inherently Unpersuasive Evidence. Accordingly, the Court agrees with Dietz that the Report improperly "relied on the Commissioner's *post hoc* rationalizations" to reject the Treating Opinion Argument.17

The Court also finds that Judge Terry's decision to afford "little weight" to the opinions of Dr. Martin—as well as Dr. Turchin and the VE—were not supported by substantial evidence. (*See* Doc. 16.) In this regard, the Court agrees with Dietz that her post-surgical lumbar MRI ("**Lumbar MRI**") contradicted Judge Terry's: (1) statement that the Lumbar MRI showed "nothing more than small disc herniation;" and (2) rejection of Dietz's testimony that her doctors told her she had "scarring" after the surgery.18 (*See id.*

---

16 Even if the January Letter were not a medical opinion, Judge Terry was not free to simply ignore it. *See Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 834–35 (11th Cir. 2011) (reversing and remanding because the ALJ did not comply with the Explicit Reasoning Requirement as to the opinions of some treating and examining physicians).

17 *See Burgos v. Comm'r of Soc. Sec.*, No. 16-16426, 2017 WL 3098121, at *6-*7 (11th Cir. Jul. 21, 2017) (reversing and remanding for violation of Explicit Reasoning Requirement); *Baez v. Comm'r of Soc. Sec.*, 657 F. App'x 864, 870 (11th Cir. 2016) (declining to assign harmless error "when the ALJ failed to discuss an examining physician's opinion"); *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 732 (11th Cir. 2011) (same); *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 871–72 (11th Cir. 2002) (declining to "affirm based on a post hoc rationale" that might have supported the ALJ's decision); *see also Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) ("If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order.").

18 Citing an unpublished decision from the Eleventh Circuit, Judge Mirando recommended that "even if" Judge Terry "erred in assessing" the Lumbar MRI, "it was

at 18.) The Court also concurs with Dietz that the Decision heavily "cherry-picked" facts from the record to support assertions that Dr. Martin's opinions were (1) "inherently inconsistent" with his treatment notes, (2) unsupported by "objective medical evidence," and (3) contradicted by Dietz's "significant activities, including home schooling her two young daughters" (*see* Doc. 11-2, p. 8).[19]

Accordingly, upon careful consideration of the arguments, the law, and *de novo* review of the Record, the Court finds that Judge Mirando's recommendations concerning the Treating Opinion Argument are due to be rejected, and the Decision is due to be reversed and remanded to the Commissioner for further proceedings.

---

harmless because it would not have affected [his] assessment of [Dietz's] credibility." (*See* Doc. 15, p. 17 (citing *Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015).) On *de novo* review, the Court rejects this recommendation. *See Hillsman v. Bowen*, 804 F.2d 1179, 1182 (11th Cir. 1986) (reversing and remanding where ALJ's view of the medical records contradicted an opinion of a treating physician); *Tavarez v. Comm'r of Soc. Sec.*, 638 F. App'x 841, 847–48 (11th Cir. 2016) (reversing and remanding where ALJ's inconsistency assessment reflected an inaccurate and incomplete understanding of the medical evidence).

[19] Judge Mirando found that "even if" Judge Terry "erred in his analysis of [Dietz's] daily activities, it is not clear, and [Dietz] does not argue at all, how it would have affected [his] decision regarding her credibility." (*See* Doc. 17, p. 18.) The testimony that is not explicitly addressed in the Opinion supports a finding that Dietz could perform only sedentary as opposed to light work. *Compare* note 7; *with* note 8. As this testimony would have been consistent with the devalued opinions of the VE and Dietz's treating physicians, the Court is not so convinced that no prejudice resulted from Judge Terry's assessment of Dietz's testimony. *See Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1273 (M.D. Fla. 2012) (rejecting harmless error finding where acceptance of physician's improperly rejected opinion would "necessarily reduce Claimant's RFC"); *see also Powell v. Astrue*, 250 F. App'x 960, 964–65 (11th Cir. 2007) (discussing inadequately addressed limitations evidence and requiring re-assessment on remand).

### B. Symptoms Argument

In rejecting Dietz's Symptoms Argument, Judge Mirando recommended that Judge Terry "properly" discussed the standard for evaluating Dietz's testimony and "discounted the credibility of [her] subjective complaints for the reasons clearly articulated in [the] [D]ecision, such as [Dietz's] history of limited medical treatments after her back surgery and her extensive daily activities." (*See* Doc. 15, pp. 15–16.) The Objections do not reference the Symptoms Argument; thus, the Court must review Judge Mirando's rejection of the Symptoms Argument for clear error. *See Garvey*, 993 F.2d at 779 n.9.

According to the Social Security regulations, symptoms are a claimant's "own description of [her] physical or mental impairment." 20 C.F.R. § 404.1502(i). Although the ALJ must consider all of a claimant's "symptoms, including pain, and the extent to which [such] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," a claimant's statements alone are insufficient to determine disability:

> [t]here must be objective medical evidence from an acceptable medical source that shows [the claimant has] a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and that, when considered with all of the other evidence (including statements about the intensity and persistence of [claimant's] pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

20 C.F.R. § 404.1529(a) (advising that the Commissioner determines "the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the medical

-18-

signs and laboratory findings and other evidence to decide how [such] symptoms affect [her] ability to work"). Consistent with the Explicit Reasoning Requirement, the ALJ must "articulate explicit and adequate reasons" for not crediting "a claimant's testimony as to her pain." *See Foote*, 67 F.3d at 1562.

The Decision accurately recites the pertinent legal standards and explicitly states that Dietz's "medically determinable impairments could reasonably be expected to cause [her] alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this [D]ecision." (Doc. 11-2, p. 19.) Such reasons included Judge Terry's flawed analysis of the Lumbar MRI and improper weighing of the opinion evidence discussed above, as well as an incomplete summary of Dietz's testimony from the Hearing.[20] *See supra*, notes 18 & 19.

Because the Court already found reversible error under its *de novo* review of the Treating Opinion Argument, it need not decide that Judge Mirando clearly erred in recommending that that Court reject the Symptoms Argument. Nonetheless, in the remand proceedings necessitated by the Court's decision on the Treating Opinion Argument, the Commissioner should reconsider the record in its entirety—including a balanced assessment of testimony from Dietz.[21] Further, any decision on remand should

---

[20] On the other hand, the reasons also correctly applied the law that lack of significant treatment—little physical rehabilitation records or recommendations for additional surgery for Dietz—may undermine assertions of disability. *See* 20 C.F.R. § 404.1527(c)(2)(ii), 404.1529(c)(3)(v) & (4); *see also Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996).

[21] By this opinion, the Court intimates no view as to the actual merits of Dietz's

-19-

fully comport with the Explicit Reasoning Requirement.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Carol Mirando's Report and Recommendation (Doc. 15) is **REJECTED**.

2. The final decision of the Commissioner of Social Security is **REVERSED** and the matter is **REMANDED** to the Commissioner of Social Security for further proceedings.

3. The Clerk is **DIRECTED** to enter Judgment in favor of Plaintiff Sharon Marie Dietz and against Defendant Commissioner of Social Security and to **CLOSE** this case.

DONE AND ORDERED in Orlando, Florida, this 29th day of September, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record

---

Claim. "Rather, this opinion speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make" before devaluing opinion evidence and discrediting symptoms evidence. *See Phillips*, 357 F.3d at 1244; *Sharfarz v. Bowen*, 825 F.2d 278, 280–81 (11th Cir 1987) (requiring reexamination of evidence on remand where ALJ improperly weighed treating physician opinions).